UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| VENIDA WHITTAKER | ) | |
| | ) | |
| V. | ) | NO. 2:07-CV-177 |
| | ) | |
| DORIS WHITTAKER and RICHARD EDWARD WHITTAKER ESTATE | ) ) | |

## MEMORANDUM AND ORDER

On June 24, 2002, Richard and Doris Whittaker, husband and wife, executed a promissory note in the amount of $485,000.00 to Richard's parents, Earl and Venida Whittaker. Earl Whittaker died in July 2004, and Richard died two years later.

The surviving payee of the note, Venida Whittaker, filed suit against the surviving obligor, Doris Whittaker, as well as the Estate of her son, for $485,000.00 and attorney's fees.

In their respective answers, both defendants asserted, among other things, that there was no consideration for the execution of the promissory note or, somewhat alternatively, that the note has been satisfied in full. Additionally, the Richard Whittaker Estate pleaded the following affirmative defenses: the statute of limitations; estoppel, waiver, and/or laches; failure to state a claim upon which relief can be granted; and accord and satisfaction.

Doris Whittaker pleaded the following affirmative defenses: the suit is time-barred; she is not subject to the *in personam* jurisdiction of this court; there has been an accord and satisfaction; and the suit is barred by estoppel, waiver, and laches.

The plaintiff has filed a motion for summary judgment. (Doc. 31).

Rather obviously, as an initial matter, this court must determine if it has (1) subject matter jurisdiction and (2) jurisdiction over all parties to the suit. No one argues that this court lacks subject matter jurisdiction; but, as noted above, the defendant Doris Whittaker asserts that this court has no *in personam* jurisdiction over her. Ms. Whittaker earlier filed a Rule 12(b)(2) motion, which the court denied. *See*, Doc. 23. In the order denying her motion to dismiss for lack of *in personam* jurisdiction, the court suggested that more information should and could be gleaned through the office of discovery depositions, and instructed the *defendants* to file motions for summary judgment on the basis of lack *in personam* jurisdiction if the facts so warranted. The defendants have filed no motions for summary judgment. Moreover, neither defendant addressed, much less contested, that portion of the plaintiff's motion for summary judgment regarding *in personam* jurisdiction over them. Accordingly, the issue of this court's *in personam* jurisdiction over each of the defendants is now foreclosed, and to this extent the plaintiff's motion for summary judgment is granted.

With respect to that portion of plaintiff's motion that seeks judgment as a matter of law on the $485,000.00 note, the motion is denied. Summary judgment is appropriate only if there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c). Further, the non-moving party must be indulged with all possible favorable inferences from the material facts. *Plott v. GM Motors Corp.*, 71 F.3d 1190 (6th Cir. 1995). AT the very least, there are differing inferences that can be drawn from

2

various facts regarding the consideration for this promissory note, as well as the claimed satisfaction of the note.

Accordingly, plaintiff's motion for summary judgment is granted in part and denied in part. It is granted to the extent that this court concludes that it has *in personam* juris-diction over each of the defendants. It is denied with respect to plaintiff's request that the court enter judgment on the subject promissory note.

SO ORDERED:

  s/ Dennis H. Inman  
  United States Magistrate Judge

3